UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

DAVID GRIZZARD,

      Plaintiff,

v.                                        ACTION NO. 2:21cv469

LG CHEM LTD, et al.,

      Defendants.

## UNITED STATES MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

On August 18, 2021, plaintiff David Grizzard ("Grizzard") filed suit against defendant LG Chem LTD ("LG Chem") and 50 John Does alleging that an LG 18650 lithium-ion battery that he bought to use in an e-cigarette exploded in his pocket on August 20, 2019. ECF No. 1, at 1, 6, 11–12, 44–45. After amending his complaint on March 22, 2022, Grizzard alleges four counts against LG Chem, including: (1) failure to warn; (2) negligence "in the design, manufacture, distribution, marketing, testing, and /or sale" of the battery; (3) breach of the implied warranty of merchantability; and (4) violation of the Magnuson-Moss Act. ECF No. 14, at 12–17.

On March 30, 2022, LG Chem filed a motion to dismiss arguing that the Court lacks personal jurisdiction over it. ECF No. 19. Grizzard responded on April 7, 2022, ECF No. 21, and LG Chem replied on April 13, 2022, ECF No. 23. This matter was referred to the undersigned on April 14, 2022, ECF No. 24, and the Court heard arguments on June 23, 2022, limited to the parties' positions on the propriety and scope of any jurisdictional discovery. The Court then ordered the parties to file proposals for limited jurisdictional discovery and a protective order. ECF No. 26. The parties filed an agreed upon protective order, ECF No. 29, and competing

jurisdictional discovery proposals on June 27, 2022, ECF Nos. 28, 30.

On June 30, 2022, the Court granted Grizzard's request for 60 days of limited jurisdictional discovery and entered a protective order. Having ordered jurisdictional discovery, and anticipating that this may substantially affect the parties' arguments, the Court recommends that LG Chem's motion to dismiss, ECF No. 19, be **DENIED WITHOUT PREJUDICE** to LG Chem's filing of any renewed motion to dismiss within seven days of the completion of jurisdictional discovery.

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date this report is forwarded to the objecting party by Notice of Electronic Filing or mail, *see* 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. *See* Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

                                                    /s/
                                              Robert J. Krask
                                 UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
June 30, 2022