UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

DAVID GRIZZARD,

        Plaintiff,

v.                                     CIVIL NO. 2:21cv469

LG CHEM LTD., et al.,

        Defendants.

## OPINION

This matter comes before the court on Defendant's Renewed Motion to Dismiss Plaintiff's First Amended Complaint for Lack of Personal Jurisdiction ("Renewed Motion"), ECF No. 37, and Memorandum of Law in Support of Defendant's Renewed Motion, ECF No. 38.

### I. Factual and Procedural Background

On August 18, 2021, Plaintiff filed a Complaint against Defendant alleging that he was injured by lithium-ion 18650 batteries manufactured by Defendant, LG Chem Ltd. ("LG Chem").[1] ECF No. 1. LG Chem is "'a Korean company with no physical presence in the United States.'" ECF No. 38 n.1 (quoting ECF No. 21 at 1-2). Plaintiff claims that the batteries, which he purchased

---

[1] All references herein to Defendant are to LG Chem Ltd. ("LG Chem"). The other Defendants, Does 1-50, have not been named or served, nor have they appeared in the action.

in Virginia and used for his e-cigarette device, exploded in his pocket and caused severe burns to his leg. ECF Nos. 1 at 11, 14 at 11. On March 9, 2022, Defendant filed a Motion to Dismiss for Lack of Personal Jurisdiction ("Initial Motion") and an accompanying Memorandum in Support.[2] ECF Nos. 6,7. Plaintiff then amended his Complaint ("Amended Complaint") on March 22, 2022.[3] ECF No. 14. On March 30, 2022, Defendant again filed a Motion to Dismiss Plaintiff's Amended Complaint for Lack of Personal Jurisdiction ("Second Motion") and an accompanying Memorandum in Support. ECF Nos. 19, 20. On April 7, 2022, in reply to Defendant's Second Motion, Plaintiff filed a Response in Opposition containing nineteen (19) exhibits and two (2) appendices,[4] ECF No. 21, and

---

[2] Plaintiff filed an Opposition to Defendant's Initial Motion, ECF No. 15, a request for a hearing, ECF No. 16, and two (2) declarations, ECF Nos. 17, 18, on March 23, 2022. These motions were terminated as moot because of Plaintiff's Amended Complaint. See infra n.3 and accompanying text.

[3] Plaintiff's Amended Complaint "alleges four counts against [Defendant], including: (1) failure to warn; (2) negligence 'in the design, manufacture, distribution, marketing, testing, and /or sale' of the battery; (3) breach of implied warranty of merchantability; and (4) violation of the Magnuson-Moss Act." ECF No. 33 at 1 (citing ECF No. 14 at 12-17).

[4] Plaintiff's exhibits included: (1) a PDF of the "About Us" page of the LG Chem website, ECF No. 21-1; (2) orders from a patent infringement case against Defendant in the Western District of North Carolina where the court ultimately found specific personal jurisdiction existed, ECF Nos. 21-2, 21-3; (3) various screenshots of news stories and websites suggesting that electric scooters, buses, and cars containing LG Chem lithium-ion batteries are operating in Virginia, ECF Nos. 21-4, 21-5, 21-6, 21-7, 21-8, 21-9, 21-10, 21-11, 21-12, 21-13, 21-14, 21-15, 21-16, 21-17;

requested a hearing, ECF No. 22. On April 13, 2022, Defendant filed a Reply Brief in Further Support of its Motion to Dismiss Plaintiff's Amended Complaint. ECF No. 23.

The court then referred Defendant's Second Motion to United States Magistrate Judge Robert J. Krask by Order entered April 14, 2022, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b), to conduct necessary hearings and to submit to the undersigned district judge proposed findings and recommendations for the disposition of Defendant's Second Motion. ECF No. 24. The Magistrate Judge held a hearing on June 23, 2022, ECF No. 25, and ordered the Parties to meet and discuss the "contours of limited jurisdictional discovery," ECF No. 26. After being unable to fully agree, the Parties filed separate motions related to jurisdictional discovery. ECF Nos. 28, 30.

On June 30, 2022, the Magistrate Judge issued (1) an order allowing the Parties "to conduct limited jurisdictional discovery,"[5] ECF No. 32, and (2) a Report and Recommendation

---

(4) a news article about battery explosions in Chevrolet Bolts, ECF No. 21-18; (5) a deposition transcript from a suit brought against Defendant in the Southern District of Texas illustrating that LG Chem had knowledge that its lithium-ion batteries were being used in e-cigarettes, ECF No. 21-19; and (6) data collected by ImportGenius on LG Chem imports, ECF Nos. 21-20, 21-21.

[5] The following parameters were placed on the limited jurisdictional discovery: (1) information was limited to the four (4) year period prior to Plaintiff's alleged injury

("R&R") on Defendant's Second Motion, ECF No. 33. The Magistrate Judge recommended that Defendant's Second Motion be "denied without prejudice to LG Chem's filing of any renewed motion to dismiss within seven days of the completion of jurisdictional discovery." ECF No. 33 at 2. Defendant filed a limited objection on July 14, 2022, asking this court to "reflect that LG Chem's time to file an Answer under Rule 12 is stayed until after a decision on the merits of LG Chem's forthcoming post-jurisdictional discovery [R]enewed Motion to Dismiss." ECF No. 34 at 4. Plaintiff did not oppose Defendant's objection, ECF No. 35, and this court adopted and approved the R&R with that modification on July 27, 2022, ECF No. 36.

Defendant filed its Renewed Motion and an accompanying Memorandum in Support on September 2, 2022. ECF Nos. 37, 38.[6]

---

on August 20, 2019; (2) discovery was only to take place for sixty (60) days; (3) each party was permitted to "serve up to five interrogatories, five requests for production, and five requests for admissions;" (4) each party was permitted to conduct a three-hour deposition; and (5) discovery was "limited to LG 18650 lithium-ion batteries/cells, or items containing one or more of the same, that have been or were attempted to be sold in, or shipped into or through, the Commonwealth of Virginia." ECF No. 32.

[6] Defendant attached eight (8) exhibits to the Memorandum in Support of the Renewed Motion, including: (1) its responses to Plaintiff's interrogatories, ECF No. 38-1; (2) its responses to Plaintiff's requests for admission, ECF No. 38-2; (3) its responses to Plaintiff's requests for production, ECF No. 38-3; (4) excerpts from Hwi Jae Lee's deposition, ECF No. 38-4; (5) Plaintiff's responses to Defendant's interrogatories, ECF No. 38-5; (6) Plaintiff's responses to Defendant's requests for production,

Plaintiff filed his Response in Opposition to Defendant's Renewed Motion on September 16, 2022.[7] ECF No. 39. Defendant then filed a Reply Brief in Support of the Renewed Motion on September 22, 2022. ECF No. 40. Having been fully briefed, the Renewed Motion is now ripe for judicial determination.

## II. Legal Standard

"Jurisdiction to resolve cases on the merits requires both authority over the category of the claim in suit (subject-matter jurisdiction) and authority over the parties (personal jurisdiction), so that the court's decision will bind them."[8]

---

ECF No. 38-6; (7) excerpts from Plaintiff's deposition, ECF No. 38-7; and (8) Hwi Jae Lee's sworn declaration, ECF No. 38-8. Hwi Jae Lee is Defendant's Corporate Designee. See ECF No. 20-1 at 2.

[7] Plaintiff attached nine (9) exhibits to his Response, including: (1) Defendant's responses to Plaintiff's interrogatories, ECF No. 39-1; (2) Defendant's responses to Plaintiff's requests for admission, ECF No. 39-2; (3) two (2) complaints by individuals against LG Chem related to batteries that exploded in their e-cigarettes, ECF Nos. 39-3, 39-4; (4) a 2018 cease-and-desist letter from Defendant to e-cigarette sellers and distributers warning of the dangers of using standalone 18650 lithium-ion batteries in e-cigarettes, ECF No. 39-5; (5) Plaintiff's responses to Defendant's interrogatories, ECF No. 39-6; (6) excerpts from Hwi Jae Lee's deposition, ECF No. 39-7; (7) notice of topics to discuss during the deposition with Hwi Jae Lee, ECF No. 39-8; and (8) excerpts from Plaintiff's deposition, ECF No. 39-9.

[8] Regarding subject-matter jurisdiction, a plaintiff may bring suit in federal court only if the matter involves a federal question arising "under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, or if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs" and there is diversity of citizenship between the parties,

Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 577 (1999). Federal Rule of Civil Procedure 8(a)(1) requires a plaintiff's pleading to make "a short and plain statement of the grounds for the court's jurisdiction." The plaintiff must allege "the facts essential to show jurisdiction." McNutt v. Gen. Motors Acceptance Corp. of Ind., 298 U.S. 178, 189 (1936).

There are "two types of personal jurisdiction: 'general' (sometimes called 'all-purpose') jurisdiction and 'specific' (sometimes called 'case-linked') jurisdiction." Bristol-Myers Squibb Co. v. Superior Ct. of Cal., San Francisco Cnty., 582 U.S. ___, ___, 137 S. Ct. 1773, 1779-80 (2017) (internal citation omitted). In the context of a corporation, general jurisdiction exists when "the corporation is fairly regarded as at home."[9] Bristol-Myers, 582 U.S. at ___, 137 S. Ct. at 1780 (internal citation omitted). "Specific jurisdiction, on the other hand, depends on an affiliation between the forum and the underlying controversy." Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011) (internal quotation marks, citation, and alteration omitted).

---

28 U.S.C. § 1332(a). At this juncture, only personal jurisdiction is at issue. See ECF No. 38. Therefore, the court's analysis will only focus on the question of personal jurisdiction.

[9] The Parties agree that Defendant is not subject to the court's general jurisdiction. ECF Nos. 38 n.1, 39 at 2. Therefore, the court's analysis is on the question of specific jurisdiction.

A "plaintiff bears the burden of demonstrating personal jurisdiction at every stage following the defendant's jurisdictional challenge." Sneha Media & Ent., LLC v. Associated Broad. Co. P Ltd., 911 F.3d 192, 196-97 (4th Cir. 2018) (internal quotation marks, citation, and alteration omitted). When challenged at "such a preliminary stage," a plaintiff must only make a prima facie showing; at that point, a plaintiff's allegations are given "a favorable presumption." Id. at 196; see New Wellington Fin. Corp. v. Flagship Resort Dev. Corp., 416 F.3d 290, 294 (4th Cir. 2005) (When only "motion papers, supporting legal memoranda and the relevant allegations of a complaint" are presented to the court, a plaintiff must only "make a prima facie showing.") (internal quotation marks and citation omitted). However, when the parties have a "fair opportunity to develop the record regarding personal jurisdiction," then "a plaintiff must carry the burden to establish personal jurisdiction by a preponderance of the evidence." Sneha Media, 911 F.3d at 197; see Marx Indus. Inc. v. Chestnut Ridge Foam, Inc., 903 F. Supp. 2d 358, 362 (W.D.N.C. 2012) (holding that because the parties pursued jurisdictional discovery and submitted evidence "'more similar to information presented at an evidentiary hearing,'" including deposition excerpts, plaintiff was required to prove "by a preponderance of the evidence that th[e] [c]ourt [could] exercise personal jurisdiction") (internal citations omitted). Such

is the case here.[10]

## III. Analysis

"A federal district court may exercise personal jurisdiction over a foreign corporation only if: (1) such jurisdiction is authorized by the long-arm statute of the state in which the district court sits; and (2) application of the relevant long-arm statute is consistent with the Due Process Clause of the Fourteenth Amendment." Universal Leather, LLC v. Koro AR, S.A., 773 F.3d 553, 558 (4th Cir. 2014) (internal citation omitted). "Virginia's long-arm statute extends personal jurisdiction over nonresident defendants to the full extent permitted by the . . . Due Process Clause."[11] UMG Recordings, Inc. v. Kurbanov, 963 F.3d 344, 350-51

---

[10] The Fourth Circuit has held that "if a court requires the plaintiff to establish facts supporting personal jurisdiction by a preponderance of the evidence prior to trial, it must conduct an 'evidentiary hearing.'" Grayson v. Anderson, 816 F.3d 262, 268 (4th Cir. 2016) (internal citation omitted). However, the court clarified that "not all 'evidentiary hearings' involve evidence taken orally in open court." Id. (internal quotation marks, citations, and alteration omitted). "Rather, an 'evidentiary hearing' requires only that the district court afford the parties a fair opportunity to present both the relevant jurisdictional evidence and their legal arguments." Id. The court finds that the jurisdictional discovery conducted by the Parties and the presentation of evidence to this court in the thorough submissions, with supporting documentation, see supra n.4, n.6, and n.7 and accompanying text, satisfies the "evidentiary hearing" requirement. See Grayson, 816 F.3d at 268.

[11] "[A] federal court may exercise personal jurisdiction over a defendant in the manner provided by state law." Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc., 334 F.3d 390, 396 (4th Cir. 2003) (internal citation omitted).

(4th Cir. 2020), cert. denied, ___ U.S. ___,141 S. Ct. 1057 (2021).

"The specific jurisdiction inquiry has always focused on 'the relationship among the defendant, the forum, and the litigation.'" KMLLC Media, LLC v. Telemetry, Inc., No. 1:15-cv-432, 2015 WL 6506308, at *7 (E.D. Va. Oct. 27, 2015) (Cacheris, J.) (quoting Walden v. Fiore, 571 U.S. 277, 283-84 (2014)). The Fourth Circuit has articulated a three-part test to guide this inquiry: "(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the forum state; (2) whether the plaintiff's claims arose out of those activities; and (3) whether the exercise of personal jurisdiction is constitutionally reasonable." Universal Leather, 773 F.3d at 559 (internal quotation marks and citation omitted). A plaintiff must satisfy the first prong before a court will consider the second, and then third, prongs of the test. Consulting Eng'rs Corp. v. Geometric Ltd., 561 F.3d 273, 278 (4th Cir. 2009).

## A. Prong One: Purposeful Availment

The analysis for the first prong of the Fourth Circuit's specific personal jurisdiction inquiry is a flexible one. Universal Leather, 773 F.3d at 560. The defendant "must take 'some act by which [it] purposefully avails itself of the privilege of conducting activities in the forum State.' The contacts must be the defendant's own choice and not 'random, isolated, or fortuitous.'" Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.,

___ U. S. ___, ___, 141 S. Ct. 1017, 1024-25 (2021) (internal

citations omitted).

To determine if an entity satisfies this first prong, courts

have considered the following non-exhaustive factors:

> (1) whether the defendant maintains offices or agents in
> the forum state; (2) whether the defendant owns property
> in the forum state; (3) whether the defendant reached
> into the forum state to solicit or initiate business;
> (4) whether the defendant deliberately engaged in
> significant or long-term business activities in the
> forum state; (5) whether the parties contractually
> agreed that the law of the forum state would govern
> disputes; (6) whether the defendant made in-person
> contact with the resident of the forum in the forum state
> regarding the business relationship; (7) the nature,
> quality and extent of the parties' communications about
> the business being transacted; and (8) whether the
> performance of contractual duties was to occur within
> the forum.

Universal Leather, 773 F.3d at 560 (internal quotation marks and

citation omitted).

In Plaintiff's Amended Complaint, he argues that personal

jurisdiction is proper "because of [Defendant's] purposeful,

continuous, and systemic contacts with Virginia entities and the

Virginia market."[12] ECF No. 14 at 3. In Plaintiff's Response to

---

[12] Plaintiff points to six (6) "contacts" that Defendant has
made with the Commonwealth of Virginia:

> [1.] Committing a tortious act within the
> State of Virginia by selling and delivering
> defective products to persons, firms, or
> corporations in this state via its
> distributors, dealers, wholesalers, and
> brokers. Such products were used by consumers

10

Defendant's Second Motion, he claims that Defendant "targets the United States market by selling lithium-ion batteries to various U.S. entities," including by using Virginia ports. ECF No. 21 at 3, 6, 14 (incorporated by reference in Plaintiff's Response to the Renewed Motion). Plaintiff also states that Defendant has "[e]ngaged in [s]ubstantial [b]usiness [s]elling and [d]istributing [i]ts [l]ithium-[i]on [b]atteries in the Commonwealth of Virginia," pointing to the fact that "LG Chem's batteries power the cars Virginians can buy in Virginia, the buses that provide Virginia's public transportation, the scooters

---

> in Virginia . . . ;
> [2.] Conducting and engaging in substantial business and other activities in Virginia by selling products . . . in this state via its distributors, wholesalers, and brokers. Such products were used by consumers in Virginia . . . ;
> [3.] Purposefully directing sales . . . to the State of Virginia with the intent and knowledge that said products would reach and be used by Virginia residents and consumers;
> [4.] . . . [E]ngag[ing] in solicitation activities in Virginia to promote the sale, consumption, use, maintenance, and/or repair of its products;
> [5.] . . . [D]eriv[ing] substantial revenue from the sale of its products in the State of Virginia; and
> [6.] Selling products with knowledge or reason to foresee that these products would be shipped in interstate commerce and would reach the market of Virginia users and consumers.

ECF No. 14 at 3-4.

residents can use to zoom through Virginia's city streets, and the products on the shelves of Virginia stores." Id. at 6, 8. Finally, Plaintiff posits in his Response to Defendant's Renewed Motion that Defendant's sending "no fewer than 206 cease and desist letters to sellers and suppliers of e-cigarette devices and equipment" further supports his argument. ECF No. 39 at 1-2.[13]

Defendant, on the other hand, maintains that Plaintiff has failed to prove that "LG Chem purposefully availed itself of any market in Virginia for 18650 lithium-ion batteries." ECF No. 38 at 10-11. Defendant supports its position by arguing that it did not advertise, supply, authorize to provide, or "provide[] standalone 18650 lithium-ion batteries to consumers in Virginia," as demonstrated by evidence on the record, ECF Nos. 20 at 11, 38 at 13-14, and, in fact, no 18650 lithium-ion batteries were shipped to consumers using Virginia ports between August 2015 and August 2019,[14] ECF No. 38 at 2, 5. Defendant also argues that

---

[13] In his Response in Opposition to Defendant's Renewed Motion, Plaintiff primarily uses it as an opportunity to argue that Defendant's sending cease-and-desist letters "encouraged bilateral communication with LG Chem," because they contained LG Chem contact information. ECF No. 39 at 1, 3-4. Therefore, according to Plaintiff, sending these letters to businesses in Virginia "constitute[d] a bid to forestall litigation against LG Chem in the Commonwealth of Virginia, and thus explicitly contemplate[s] being 'haled into court' in Virginia." Id. at 9 (citing Universal Leather, LLC v. Koro AR, S.A., 773 F.3d 553, 559 (4th Cir. 2014)).

[14] It should be noted that Plaintiff does not object to the evidence or Defendant's conclusion that no 18650 lithium-ion

potential business in Virginia regarding other products is irrelevant to the inquiry under Bristol-Meyers. ECF No. 38 at 14-15 (quoting and citing Bristol-Meyers, 582 U.S. at ___, 137 S. Ct. at 1781) ("'[E]ven regularly occurring sales of a product in a State do not justify the exercise of jurisdiction over a claim unrelated to those sales.'") (internal citation omitted)).

Even when the court takes Plaintiff's broader view beyond the market for 18650 lithium-ion batteries, the court finds that Plaintiff has only suggested that two (2) of the eight (8) factors this court considers when analyzing the first prong might exist: reaching into Virginia to solicit or initiate business and engaging in significant or long-term business activities. See Universal Leather, 773 F.3d at 560. Much of Plaintiff's argument regarding purposeful availment rests on Defendant's supplying lithium-ion batteries to companies providing services in Virginia, such as electric scooters, buses, and cars, and using Virginia shipping ports for United States' imports of its products. See ECF Nos. 21-4, 21-5, 21-6, 21-7 (websites and a news article demonstrating that electric scooters, which may contain Defendant's lithium-ion batteries, are used in Virginia);

---

batteries were shipped using Virginia ports between August 2015 and August 2019. See ECF No. 39. It should be further noted that the Parties agreed that this time period, four (4) years prior to Plaintiff's alleged injury, was appropriate for jurisdictional discovery purposes. ECF Nos. 28 at 4, 30 at 3; see supra n.5 and accompanying text.

ECF Nos. 21-10, 21-14, 21-15 (press release and news articles announcing Virginia's contract with Proterra, a company with offices in California and South Carolina, to supply electric buses, which may contain Defendant's lithium-ion batteries); ECF Nos. 21-12, 21-13 (news articles about Proterra and Defendant's battery partnership); ECF No. 21-16 (evidence that the Chevrolet Bolt, which may contain Defendant's lithium-ion batteries, is sold in Virginia); ECF Nos. 21-20, 21-21 (reports from ImportGenius showing that Defendant uses Virginia ports to import its products, including batteries).

Furthermore, even when this court considers Defendant's supplying its products to companies that have operations in Virginia, the fact that Defendant operates a global business and website,[15] and that Defendant chose to send cease-and-desist letters to e-cigarette and vape retailers in Virginia,[16] these all

---

[15]  See  Hoffman  v.  Ranjijifroody,  No.  1:21-CV-00973, 2022 WL 319828, at *5 (E.D. Va. Feb. 2, 2022) (Giles, J.) (holding that "a website, without more," is not sufficient to satisfy specific personal jurisdiction) (internal citations omitted).

[16]  See  Music  Makers  Holdings,  LLC  v.  Sarro, No. RWT 09-cv-1836, 2010 WL 2807805, at *5 (D. Md. July 15, 2010) ("[O]ut-of-circuit court of appeals decisions have analyzed the issue in a variety of contexts and have uniformly held that cease-and-desist letters alone do not establish personal jurisdiction.") (internal citation omitted); Mike's Train House, Inc. v. Metro. Transportation Auth., No. 16-CV-02031-JFM, 2016 WL 6652712, at *5 (D. Md. Nov. 9, 2016) (quoting Red Wing Shoe Co., Inc. v. Hockerson-Halberstadt, Inc., 148 F.3d 1355, 1361 (Fed. Cir. 1998)) ("[C]ease-and-desist letters alone do not suffice to create personal jurisdiction" because to exercise jurisdiction in such a

fall short of proving that Defendant <u>purposefully availed</u> itself of the privilege of conducting activities <u>in Virginia</u>. <u>See Sneha Media</u>, 911 F.3d at 197-99. <u>Cf.</u> <u>Ford Motor</u>, ___ U.S. at ___, ___, 141 S. Ct. 179 at 1028 ("By every means imaginable—among them, billboards, TV and radio spots, print ads, and direct mail—Ford urges Montanans and Minnesotans to buy its vehicles, including (at all relevant times) Explorers and Crown Victorias."); <u>Wallace v. Yamaha Motors Corp., U.S.A.</u>, No. 19-2459, 2022 WL 61430, at *3 (4th Cir. Jan. 6, 2022) (finding that "Yamaha purposefully availed itself of South Carolina's market by, among other activities, marketing, advertising, and providing extended service contracts for its products there; permitting authorized Yamaha dealerships to operate there; sponsoring product demonstrations there; and maintaining a membership in the Chamber of Commerce there"). No such extensive activities by LG Chem have been shown or provided, even after jurisdictional discovery. Simply put, the nexus between Defendant's purposeful business activities and Virginia is tenuous at best.

### B. Prong Two: Nexus Between Plaintiff's Claim and Defendant's Contacts in Virginia

In order to satisfy the second prong, Plaintiff must show that his claim arises out of Defendant's conduct directed at

---

situation would not "comport with fair play and substantial justice.") (internal quotation marks omitted).

Virginia. See Universal Leather, 773 F.3d at 559. On the one hand, "a strict causal relationship between the defendant's in-state activity and the litigation" is not required, Ford Motor, ___ U.S. at ___, ___, 141 S. Ct. 179 at 1026; on the other hand, "[t]he Supreme Court has made clear that the exercise of specific jurisdiction in a products liability case requires a stronger connection than simply doing business in a state," Wallace, 2022 WL 61430, at *4 (citing Bristol-Myers, 582 U.S. ___, 137 S. Ct. 1773).

As addressed below, Defendant specifically has demonstrated that "LG Chem was not involved in supplying consumers in Virginia with LG 18650 lithium-ion battery cells sold as standalone batteries" and that it did not "advertise [these] to Virginia consumers to purchase." ECF No. 38 at 12; see 38-4 at 3-4 (excerpt from Hwi Jae Lee's deposition testimony where he confirms that LG Chem is "prohibited from selling [its] products for use in e-cigarettes as standalone cells"), 20-1 at 3-4 (Hwi Jae Lee's Declaration in Support of Defendant's Second Motion, incorporated by reference in Defendant's Renewed Motion). Defendant asserts that these batteries are "industrial component parts . . . and they were not designed or sold by LG Chem to be handled by consumers." ECF No. 20 at 4. Defendant did not manufacture the e-cigarette device, and to the extent that Defendant's battery was used in conjunction with an e-cigarette, it would have been through

a store's unilateral decision to sell, and the resulting consumer's *decision to* purchase ~~of~~ a separate 18650 lithium-ion battery. See ECF Nos. 38 at 13, 38-7 at 3-4 (Plaintiff's deposition testimony where he explains that the purchased batteries were separate from the e-cigarette device at the vape store). Furthermore, Defendant has provided sworn statements confirming that no 18650 lithium-ion cells or 18650 lithium-ion batteries were shipped to "any entity located in Virginia between August 20, 2015 and August 20, 2019." ECF No. 38-1 at 2-3; see ECF No. 38-3 at 3. Therefore, based on the evidence before court, the only foreseeable way that the 18650 lithium-ion cells or standalone batteries made their way into the hands of consumers is from "unilateral activity of another party or a third person," and not by Defendant's deliberate activities directed to residents of Virginia. See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985) (explaining that the "'purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, . . . or of the 'unilateral activity of another party or a third person.'") (internal citations omitted).

Importantly, Plaintiff fails to provide "specific facts tying [Defendant's] in-state conduct to the litigation." Wallace, 2022 WL 61430, at *5. Plaintiff himself concedes in his deposition that he purchased batteries separate from the e-cigarette device.

ECF No. 38-7 at 4. Cease-and-desist letters, which were sent to Virginia e-cigarette and vape retailers, alone, "do not establish personal jurisdiction." Music Makers Holdings, LLC v. Sarro, No. RWT 09-cv-1836, 2010 WL 2807805, at *5 (D. Md. July 15, 2010). Consequently, Plaintiff has failed to satisfy the second prong of the Fourth Circuit's three-prong inquiry.

### C. Prong Three: Due Process Considerations

The third prong requires a court to determine "whether the exercise of personal jurisdiction is constitutionally reasonable." Universal Leather, 773 F.3d at 559. Under this inquiry, a court is permitted

> to consider additional factors to ensure the appropriateness of the forum . . . includ[ing]: '(1) the burden on the defendant of litigating in the forum; (2) the interest of the forum state in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the shared interest of the states in obtaining efficient resolution of disputes; and (5) the interests of the states in furthering substantive social policies.'

Jones v. Frazier, No. 1:09-cv-513, 2009 WL 2601355, at *7 (E.D. Va. Aug. 18, 2009) (Cacheris, J.) (quoting Consulting Eng'rs, 561 F.3d at 279).

Although a number of the above listed factors may point in Plaintiff's favor, "[d]ue process limits on the State's adjudicative authority principally protect the liberty of the nonresident defendant—not the convenience of the plaintiffs or third parties." Walden, 571 U.S. at 284 (internal citation

18

omitted).  At  most,  Plaintiff  has  demonstrated  that  Defendant
placed  its  lithium-ion  18650  batteries  into  the  stream  of  commerce
in  Virginia,  and  this  court  has  made  clear  that  a  "defendant's
introduction  of  its  product  into  the  stream  of  commerce  .  .  .  is,
by  itself,  an  insufficient  basis  for  personal  jurisdiction.  AESP,
Inc.  v.  Signamax,  LLC,  29  F.  Supp.  3d  683,  691  (E.D.  Va.  2014)
(Ellis,  III,  J.);  see  Fed.  Ins.  Co.  v.  Lake  Shore,  Inc.,  886  F.2d
654,  659  (4th  Cir.  1989);  Chisholm  v.  UHP  Projects,  Inc.,
1  F.  Supp.  2d  581,  585  (E.D.  Va.  1998)  (Smith,  J.)  ("It  is  not
enough  that  a  defective  product  placed  in  the  stream  of  commerce
ends  up  in  a  particular  state,  where  the  party  selling  the  product
in  a  different  state  merely  knows  that  it  may  end  up  elsewhere.")
(citing  World-Wide  Volkswagen  Corp.  v.  Woodson,
444  U.S.  286  (1980)).

Based  on  the  evidence  provided  to  the  court  for  consideration,
this  court  finds  that  Defendant  did  not  "design[]  the  product  for
the  market  in  the  forum  State,  advertis[e]  in  the  forum  State,
establish[]  channels  for  providing  regular  advice  to  customers  in
the  forum  State,  or  market[]  the  product  through  a  distributor  who
has  agreed  to  serve  as  the  sales  agent  in  the  forum  State."
See  Jones  v.  Boto  Co.,  498  F.  Supp.  2d  822,  828  (E.D.  Va.  2007)
(Smith,  J.)  (quoting  Asahi  Metal  Indus.  Co.  v.  Superior  Ct.  of
Cal.,  Solano  Cnty.,  480  U.S.  102,  112  (1987))  (emphasis  added).  In
sum,  Plaintiff  has  left  the  court  unconvinced  that  "maintenance  of

the suit does not offend traditional notions of fair play and substantial justice." See Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (internal quotation marks and citation omitted).

## IV. Conclusion

Based on the Parties' pleadings and the evidence provided to the court following the Parties' jurisdictional discovery, this court **FINDS** that Plaintiff has failed to prove by a preponderance of the evidence that specific personal jurisdiction exists in this case.[17] Although the court examined all three (3) prongs of the Fourth Circuit's specific personal jurisdiction inquiry, the inquiry could have ended with the first prong, when Plaintiff failed to properly demonstrate that Defendant purposefully availed itself of the privilege of conducting activities in Virginia. However, the court **CONCLUDES** that Plaintiff also failed to satisfy the remaining two (2) prongs of the three-part inquiry.

Accordingly, Defendant's Renewed Motion is **GRANTED,** and Plaintiff's claim against Defendant is **DISMISSED** for lack of specific personal jurisdiction over Defendant in this case. The Clerk is **DIRECTED** to send a copy of this Opinion to counsel for the Parties.

---

[17] This conclusion is on point and in accord with a factually similar case recently decided by the United States District Court for the Southern District of Ohio. See Straight v. LG Chem, Ltd., No. 2:20-cv-6651, 2022 WL 16836722 (S.D. Ohio Nov. 9, 2022).

IT IS SO ORDERED.

_____/s/_____  

Rebecca Beach Smith  
Senior United States District Judge  

REBECCA BEACH SMITH  
SENIOR UNITED STATES DISTRICT JUDGE

November 18 , 2022

21